Erica C. Medley
Nevada Bar No. 13959
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 669-4600
ecmedley@hollandhart.com

Sarah Grady (*pro hac vice*)
Terah Tollner (*pro hac vice*)
Adam J. Smith (*pro hac vice*)
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
Phone: (312) 852-2184
sarah@kaplangrady.com
terah@kaplangrady.com
adam@kaplangrady.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Michelle Greybill, as Administrator of the Estate of John Greybill,<br><br>Plaintiff,<br><br>v.<br><br>NaphCare, Inc., City of Henderson, Vernon Maniago, Mandana Ziaei-Ghafouri, Ivy Rose Volonte, Ebony Michelle Garner, Brittany Reyes, Sheldon Chase, Selma Tabakovic, Sheena Carnate, and Jackie Gonzalez,<br><br>Defendants. | Case No. 2:24-cv-1276-CDS-EJY<br><br>~~[PROPOSED]~~ HIPAA-QUALIFIED PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff's Unopposed Motion for Entry of a HIPAA-Qualified Protective Order (ECF No. 41). Pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 and 164, and for good cause shown, the motion is GRANTED. The Court finds as follows:

1.  The following words and terms shall have the following definitions for purposes of this Protective Order:

    a. "Parties" shall mean Plaintiff, Defendants, any additional party that this Court may subsequently recognize as subject to this qualified Protective Order, and their attorneys.

    b. "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at titles 18, 24, and 26 of the U.S. Code.

    c. "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. *See* 45 C.F.R. §§ 160 and 164 (2002).

    d. "PHI" shall mean protected health information as that term is used in HIPAA and the Privacy Standards. "PHI" includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

    e. When used in this Order, the word "document" or "documents" means all written, recorded or graphic matter whatsoever, including but not limited to material produced by any party pursuant to discovery, material produced by any party or non-party in this action (whether pursuant to Federal Rule of Civil Procedure 34, subpoena, or by agreement), deposition transcripts and exhibits and/or any portion of any court filings that quote from or summarize any of the foregoing.

    f. "Non-parties" shall mean all those other than the plaintiffs or the defendants.

    g. "Attorneys' Eyes Only" shall apply to a document intended to be viewed only by counsel of record for this litigation, their paralegals and investigators, and any retained expert witnesses;

2. This Order governs all discovery related to the exchange or dissemination of information or the production of documents designated as PHI.

    a. The Parties shall be familiar with HIPAA and the Privacy Standards.

b. The Parties recognize that it may be necessary during this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of non-parties to or from other parties and non-parties.

c. Subject to the provisions of this Order, a judicial ruling is required before any "Attorneys' Eyes Only" matter produced in the pretrial discovery process pursuant to this Order can be placed under seal when deemed admissible and used at trial or otherwise filed with this Court so as to be of record. Further, as this Protective Order pertains to pretrial discovery, the Parties understand that an interested member of the public has the right to challenge the placement under seal of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the Party asserting confidentiality shall have the burden of proving the propriety of that designation.

3. This Protective Order shall extend to all documents containing PHI regarding any Parties or non-Parties.

4. The Parties shall abide by the following terms and conditions:

a. Any PHI or other information disclosed pursuant to this Order shall be designated "Attorneys' Eyes Only" and shall be viewed only by counsel of record for this litigation, their paralegals and investigators, and their retained expert witnesses.

b. The Parties shall not use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding.

c. The Parties shall store all PHI according to the Privacy Standards while such PHI is in their possession.

d. The Parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. However, the Parties shall serve timely notices of any subpoenas

3

issued pursuant to this Order, as otherwise required by the Federal Rules of Civil Procedure.

e.  The Parties may seek, and all Parties agree to, the release of PHI for non-Parties from any covered entity or entities identified in any disclosure, discovery response, medical record, or inmate file; or testified to at any deposition; or identified by any other discovery tool.

5.  The Parties shall, within 90 days of the termination of this proceeding (including any appeals and/or time to appeal, if available), return all "Attorneys' Eyes Only" matter obtained during the course of this proceeding to the attorney representing the person whose "Attorneys' Eyes Only" matter was released during the course of this proceeding, and/or dispose of any "Attorneys' Eyes Only" matter retained thereafter pursuant to the Privacy Standards.

6.  The individual pages of each document designated or produced pursuant to this Order or otherwise covered by this Order shall bear either of the following designations:

**ATTORNEYS' EYES ONLY: CONFIDENTIAL DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN No. 2:24-cv-1276-CDS-EJY**

or

**ATTORNEYS' EYES ONLY**

7.  No document containing the above designation shall be copied in whole or in part without such designation appearing on the copy. Further, no document containing the above designation shall be read by any person other than the Parties' counsel of record for this instant litigation, their paralegals and investigators, and their retained expert witnesses.

8.  Any PHI disclosed in accordance with this Order shall be held in confidence and used solely by counsel for the purpose of preparing for this litigation.

9.  To the extent that a Party believes it has a right to redact information from any document disclosed pursuant to this Order, it may redact such information, provided that if a Party redacts information from any "Attorneys' Eyes Only" matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the Party shall advise all

4

1  other Parties in writing of the specific nature of any information redacted (for example, any of the
2  categories of information subject to redaction under Federal Rule of Civil Procedure 5.2(a)).

3  　　　　10.　　Nothing in this Protective Order shall be deemed a waiver of the right of any Party
4  to object to a request for discovery on the bases of relevance, materiality, privilege, overbreadth,
5  or any other recognized objection to a discovery request.

6  　　　　11.　　This Protective Order may be modified by further written stipulation signed by the
7  parties and/or by further order of this Court upon application to the Court with notice.

8  　　　　12.　　There is a presumption of public access to judicial files and records. A party
9  seeking to file a confidential document under seal must file a motion to seal and must comply with
10 the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th
11 Cir. 2006) and Local Rule IA 10-5. All motions to seal must address the applicable standard and
12 explain why that standard has been met. If the sole ground for a motion to seal is that the opposing
13 party (or non-party) has designated a document as confidential, the designator shall file (within
14 seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient
15 justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s)
16 and consent to unsealing. If neither filing is made, the Court may order the document(s) unsealed
17 without further notice.

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED:   January 22, 2025

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614