UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHELLE GREYBILL, as Administrator of the Estate of John Greybill, | Case No. 2:24-cv-01276-CDS-EJY |
| Plaintiff, | **ORDER** |
| v. | **AND** |
| NAPHCARE, INC., CITY OF HENDERSON, VERNON MANIAGO, MANDANA ZIAEI-GHAFOURI, IVY ROSE VOLONTE, EBONY MICHELLE GARNER, BRITTANY REYES, SHELDON CHASE, SELMA TABAKOVIC, SHEENA CARNATE, and JACKIE GONZALEZ | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Pending before the Court is Plaintiff's second Motion for Leave to Amend Complaint. ECF No. 50, filed on June 27, 2025. The Court considered the Motion, the Response filed by Jackie Gonzalez and the City of Henderson (the "City" or "Henderson") (ECF No. 51), the Joinder filed by NaphCare and the individual NaphCare defendants (ECF No. 52), and Plaintiff's Reply. ECF No. 53. The Court notes Plaintiff's first Motion for Leave to Amend was filed on May 2, 2025 (the final day to seek to amend claims or add parties under the operative scheduling order). ECF Nos. 29, 45. That Motion was denied. ECF Nos. 69.

The instant Motion seeks to amend Plaintiff's Complaint to add John Greybill's daughters, Lacey Grebill and Sarah Candito, as plaintiffs, and to clarify that Plaintiff Michelle Greybill is proceeding in her individual capacity, not just in her capacity as administrator of Mr. Greybill's estate. ECF No. 50 at 2. Plaintiff's Motion discusses the five factors reviewed when a court considers a motion to amend a pleading (as established in *Foman v. Davis*, 371 U.S. 178 (1962)), but Plaintiff does not address good cause for seeking an amendment to the scheduling order or excusable neglect for failing to bring her Motion before expiration of the date by which amendments were to be filed. ECF No. 50 at 3-4.

1

## I.    Relevant Facts

Plaintiff originally filed her Complaint on July 15, 2024, after which the parties agreed to a May 2, 2025 date by which any motion to amend pleadings or add parties was to be filed.  ECF Nos. 1, 29.  Plaintiff filed the instant Motion on June 27, 2025, not explaining why this Motion was not filed at the same time as her first Motion to Amend (ECF No. 45); nor does Plaintiff establish good cause or excusable neglect as required by Fed. R. Civ. P. 16(b)(4) and U.S. District Court for the District of Nevada Local Rule 26-3.  Plaintiff does not contend that Mr. Greybill's daughters were unknown to her or that their status as potential heirs under NRS 41.085 was not reasonably foreseen. Plaintiff's Motion is also silent with respect to why, given she has pursued this case for approximately one year as the administrator of Mr. Greybill's estate, she failed to seek to add additional parties to this action long before June 27, 2025.  *See* ECF No. 50 at 1-4.  Instead Plaintiff's Motion focuses only on her conclusions under Rule 15(a).  Specifically, Plaintiff says (1) Defendants will not be prejudiced because the new plaintiffs are close family members and new claims are not added, (2) there was no undue delay because at the time the instant Motion was filed the Court had not yet ruled on the first Motion to Amend and oral discovery was just beginning, (3) the claims of the new plaintiffs are not futile, and (4) Plaintiff has filed only one prior amendment.  *Id*. at 3-4.

Defendants argue Plaintiff's failure to address good cause and excusable neglect are fatal to her Motion.  Defendants submit that the basis for the instant Motion to Amend was "known to Plaintiff (or her counsel) before the filing of her initial Complaint, yet Plaintiff waited until well after the deadline to amend had passed to seek" her present amendments.  ECF No. 51 at 5. Defendants further argue Plaintiff has not demonstrated good cause for her modification to the scheduling order as required by Fed. R. Civ. P. 16.  *Id*. at 6-7.

In her Reply, Plaintiff admits she seeks to add Mr. Greybill's daughters to the action so they may seek damages and, for the first time, addresses good cause stating the amendment "promotes presentation of the claims on the merits" and will not prejudice Defendants "in the slightest."  ECF No. 53 at 2.  Plaintiff says Defendants' argument elevates form over substantive (*id*.), but she also "does not deny that she should have moved to add additional plaintiffs ... sooner."  *Id*. at 3.  Plaintiff blames her counsel's "misapprehension regarding the necessary plaintiffs for wrongful death claims

in the State of Nevada" for the delay and refers to her original Complaint which alleges Plaintiff brought the claim on behalf of "all other legally recognized family members." *Id*. Plaintiff returns to prejudice arguing Defendants will suffer none especially given Naphcare's failure to provide depositions dates for the individual defendants; nonetheless, Plaintiff's deposition was set and taken on August 7, 2025. *Id*. Plaintiff refers to her requests for electronically stored document, which the Court found were grossly overbroad as drafted while ordering two narrow, additional searches by Naphcare (one using Mr. Greybill's last name and another using his prisoner identification number). ECF No. 68. Plaintiff contends her request to clarify her status as a plaintiff in her individual capacity is just that—a clarification—because the original Complaint already makes this "clear." ECF No. 53 at 6.

**II.  Discussion**

    A.   <u>The Amendment Standard</u>.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once "as a matter of course" within twenty-one days of service. Fed. R. Civ. P. 15(a)(1). Outside this window, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Generally, leave is to be "freely given when justice so requires," and Rule 15 is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "In assessing the propriety of a motion for leave to amend, … [courts] consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended … [her] complaint." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). It is within the court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

However, before the Court gets to whether Plaintiff's leave to amend should be granted, the Court must address good cause under Fed. R. Civ. P. 16 and excusable neglect under LR 26-3. As explained in *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460, n.5 (D. Ariz.

2012), the Court must address whether Plaintiff has satisfied "Rule 16(4)(b)'s more stringent good cause standard" before considering whether Plaintiff meets the standard under Rule 15(a). Rule 15(a) becomes relevant only if Rule 16(b)(4) requirements are met. *Id.* Further, as stated in LR 26-3, a request to extend a date set in a scheduling order made less than 21 days before the expiration of that deadline "will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect."

1.    Rule 16 and Good Cause.

Federal Rule of Civil Procedure Rule 16(b)(4) allows extensions to the Court's scheduling order "only for good cause and with the judge's consent." The Rule's "good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quote marks omitted). More specifically, to meet the burden established by Rule 16's good cause standard, the moving party may be required to show she (1) "was diligent in assisting the Court in creating a workable Rule 16 order" …; (2) "that her noncompliance with a Rule 16 deadline occurred … notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" …; and (3) "that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (internal citations omitted). In sum, a district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (citations omitted).

As stated in *Jackson*,

Central to … [a] showing … [of] diligence is whether the movant discharged her obligation under Rule 16 to collaborate with the district court in managing the case. *See In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 228 (1st

Cir.1997). "As Rule 16 recognizes, scheduling orders are at the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986), and are intended to alleviate case management problems, *Johnson*, 975 F.2d at 610. Because "[g]ood-faith compliance with[ ] Rule 16 plays an important role in this process," *Veranda Beach Club Ltd. Partnership v. Western Sur. Co.*, 936 F.2d 1364, 1371 (1st Cir.1991), not only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation. *See Marcum* [*v. Zimmer*], 163 F.R.D. [250,] 253 [S.D.W.V. 1995] ("Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.' "); *Forstmann* [*v. Culp*], 114 F.R.D. [83,] 84 [(M.D.N.C. 1987)] ("The drafters of the Rules intended this order to 'control the subsequent course of the action' ....").

186 F.R.D. at 607-08.

B.    Good Cause Applied to Plaintiff's Request to Add Mr. Greybill's Daughters as Plaintiffs.

There is no argument, nor any evidence suggesting, Plaintiff could not have reasonably foreseen or anticipated Mr. Greybill's children as plaintiffs in this action long before the present Motion to Amend was filed and, indeed, before the case commenced. Instead, Plaintiff's out of state counsel admits in her Reply that it was her lack of knowledge regarding Nevada law that led to the failure to properly plead the claim. ECF No. 51 at 3. However, when out of state counsel sought admission to practice in this case, such counsel was required to associate "an active member in good standing of the State Bar of Nevada as attorney of record in the action or proceeding." LR IA 11-2(d). Out of state counsel does not explain why she did not seek assistance from Nevada counsel who is also representing Plaintiff in this matter or why out of state counsel did not conduct appropriate research to determine how to plead this matter under Nevada law. In sum, counsel appears to freely admit that amendment could have been sought earlier but for her failure to become familiar with the law of the state in which she was representing her client. ECF No. 51 at 3 (admitting her misunderstanding of the pleading requirements related to wrongful death under Nevada law). This appears to create an insurmountable hurdle to demonstrating diligence when seeking to add Mr. Greybill's daughters as plaintiffs. In the absence of such diligence, the Court need not proceed further. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (finding a plaintiff lacked diligence

1    providing an unsatisfactory reason for the delay in filing a motion to amend a complaint ends the

2    analysis).[1]

3         The Court finds Plaintiff's delay arises not from intervening events, discovery of some new

4    information, or some other event outside of Plaintiff's (or her counsel's) control, but from a lack of

5    diligence when first pleading this case in July 2024.  That delay is not explained in a manner that

6    rectifies the lack of diligence.  *Southern Grouts v. Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3

7    (11th Cir. 2009) ("The lack of diligence that precludes a finding of good cause is not limited to a

8    plaintiff who has full knowledge of the information with which it seeks to amend its complaint before

9    the deadline passes.  That lack of diligence can include a plaintiff's failure to seek the information it

10    needs to determine whether an amendment is in order.").  Plaintiff's request to amend her Compliant

11    to add Mr. Greybill's daughters as plaintiffs in their individual capacities should be denied.

12         C.    <u>Plaintiff's Amendment to Clarify she Proceeds Individually as Well as the
              Administrator of Mr. Greybill's Estate</u>.

13

14         Plaintiff's amendment, with respect to clarification that she is proceeding individually and

15    as the administrator of Mr. Greybill's estate, is, in essence, not a diligence issue because Defendants

16    clearly know that is how Plaintiff is proceeding.  Plaintiff points to recent discovery correspondence

17    in which Defendants seeks supplementation of her responses to requests for production regarding

18    damages, some of which Plaintiff can only seek if she is suing in her individual capacity.  *See* NRS

19    41.085 (4), (5) distinguishing damages available to heir and those available to representatives of the

20    estate.  *See also* ECF No. 53 at 6 summarizing Defendants' positions that Plaintiff has placed the

21    nature and value of her marriage to Mr. Greybill at issue and  propounded discovery only relevant

22    to Plaintiff in her individual capacity.  In light of Plaintiff's Complaint and Defendants' apparent

---

[1]      Even if the Court proceeded to an excusable neglect analysis, Plaintiff's efforts to add two new plaintiffs would
fail as these two putative plaintiffs have been known to Plaintiff since before the case commenced and, therefore, could
be foreseen as plaintiffs in this case.  As Plaintiff states, when determining whether a party's failure to meet a scheduling
deadline constitutes excusable neglect, the Court applies "a four-factor equitable test, examining: (1) the danger of
prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for
the delay; and (4) whether the movant acted in good faith."  *Walls v. Corecivic, Inc.*, Case No. 2:14-cv-02201-KJD-PAL,
2018 WL 3973401, at *3 (D. Nev. Aug. 17, 2018) (quoting *Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1091 (9th
Cir. 2017)).  While there is no evidence of bad faith, Plaintiff's reason for delay belies excuse.  *Kyle v. Campbell Soup
Co.*, 28 F.3d 928 (9th Cir.1994) (even though an attorney "acted in good faith" and the defendant did suffer prejudice
from the delay, a misunderstanding of local rules did not qualify as "excusable neglect" (*id.* at 931) and "a mistake of
law does not constitute excusable neglect").  *Id.* at 932.

recognition of how Plaintiff is proceeding, the addition of the express statement that Plaintiff is proceeding individually as well as the estate's representative is not a substantive amendment to the existing Complaint, but a clarification what was already, albeit less clearly, pleaded.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 50) is GRANTED to the extent it seeks to clarify that Michelle Greybill is proceeding in her individual capacity as well as the Administrator of the Estate of John Greybill.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 50) be DENIED to the extent it seeks to add two new Plaintiffs—Greybill's daughters—to the Complaint.

Dated this 12th day of September, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).