Terra Shepard
Nevada Bar No. 16625
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2623
teshepard@hollandhart.com

Sarah Grady (*pro hac vice*)
Matthew Underwood (*pro hac vice*)
Annie Prossnitz (*pro hac vice*)
Terah Tollner (*pro hac vice*)
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
prossnitz@kaplangrady.com
terah@kaplangrady.com

*Attorneys for Plaintiff*

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Michelle Greybill, as Administrator of the Estate of John Greybill, | Case No: 2:24-cv-01276-CDS-EJY |
| Plaintiff, | |
| v. | **STIPULATION AND ~~(PROPOSED)~~ ORDER TO EXTEND DISCOVERY DEADLINES** |
| NaphCare, Inc., City of Henderson, Vernon Maniago, Mandana Ziaei-Ghafouri, Ivy Rose Volonte, Ebony Michelle Garner, Brittany Reyes, Sheldon Chase, Selma Tabakovic, and Sheena Carnate, | |
| Defendants. | |

Plaintiff Michelle Greybill, as Administrator of the Estate of John Greybill and in her individual capacity, by and through her attorneys, Kaplan & Grady LLC and Holland & Hart LLP, pursuant to Local Rule 26-4, together with Defendant City of Henderson and the NaphCare Defendants hereby stipulate and agree to amend the Stipulated Amended Discovery Plan and

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

Scheduling Order, first entered on October 15, 2024 (ECF No. 29), and subsequently amended by order, most recently on March 10, 2026 (ECF No. 120). In light of the pending motion to compel discovery and remaining depositions, the parties respectfully seek to extend all discovery deadlines by 30 days. This is the parties' fifth request to extend time to take discovery. The parties propose this stipulation prior to the deadline for fact discovery, which is currently scheduled for May 29, 2026.

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all discovery.

1.    **Completed Discovery:** To date, the parties have responded to initial and supplemental discovery requests and completed most of the depositions in this case. Plaintiff has conducted the following depositions: Former Defendant Gonzalez, Officer Dema, Defendant Reyes, Defendant Garner, Defendant Tabakovic, Defendant Maniago, Defendant Chase,

Defendant Carnate, and the City of Henderson's 30(b)(6) representative. Defendants deposed Plaintiff Michelle Greybill over the course of two depositions.

**2.    Remaining Discovery:** The following discovery remains to be completed.

a.    **Written Discovery:** On April 8, Plaintiff filed a motion to compel Defendant NaphCare to produce certain responsive documents, including unredacted ESI, documents responsive to Requests for Production Nos. 53 and 54, court-appointed psychological evaluations, quality improvement meeting minutes, an email of Defendant Chase, and an email of Defendant Ziaei-Ghafouri. In its response, NaphCare agreed to search for and produce the latter three categories of documents. The parties are set for a hearing on this Motion on May 18. Plaintiff awaits the production of the quality improvement meeting minutes, Defendant Chase's email, the ESI attachments NaphCare agreed to produce, and NaphCare's position on multiple privilege log entries.

b.    **Depositions**: Plaintiff will depose NaphCare's 30(b)(6) representative, Defendant Ziaei-Ghafouri, Defendant Volonte, and complete Defendant Chase's deposition. It is Plaintiff's position that excluding Defendant Ziaei-Ghafouri's deposition, these depositions cannot proceed absent this Court's order on the pending motion to compel. The documents requested implicate these deponents and will be central to their depositions.

c.    **Pending Motions:** Plaintiff's Motion to Compel NaphCare to Produce Responsive Documents (ECF No. 124); Plaintiff's Objections to the Report and Recommendation regarding her motion to amend the complaint to add a claim under the Americans with Disabilities Act (ECF No. 70), Defendants' Objections to the Report and Recommendation granting leave to amend Plaintiff's Complaint (ECF Nos. 78, 80), and Defendants' Motions for Judgment on the Pleadings (ECF Nos. 99, 100) are currently pending.

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

3

**3.** **Reasons for Extension to Complete Fact and Expert Discovery:** The parties have agreed to extend the fact discovery deadline for the limited purpose of receiving this Court's order on Plaintiff's motion to compel and completing the remaining depositions. It is Plaintiff's position that the remaining depositions cannot proceed absent the disputed discovery. The parties further agree that the expert discovery deadline should be extended commensurate with the fact discovery deadline, so that the experts can prepare their opinions with the benefit of complete discovery and deposition testimony. Accordingly, a 30-day extension would allow the parties to resolve the outstanding discovery dispute and complete the remaining depositions, with the first two weeks of the period allotted for receiving and reviewing any remaining documentation and the last two weeks allotted for completing the remaining depositions.

**4.** **Proposed Revised Discovery Schedule:**

a.    **Fact Discovery Cut-Off Dates:** The parties propose to extend the fact discovery cut-off date to **June 29, 2026**. However, this extension shall only apply to presently pending discovery matters and does not permit the parties to propound and/or otherwise engage in new and/or additional discovery. This clause is not intended to foreclose Plaintiff's right to pursue motions to compel where appropriate as to pending discovery issues; rather, this clause is intended to prevent the parties from propounding and/or engaging in discovery that had never been served prior to the date of this stipulation.

b.    **Expert Discovery Cut-Off Dates:** The parties propose a deadline to exchange expert disclosures of **August 5, 2026**; the deadline to exchange rebuttal-expert reports of **September 7, 2026**; and an expert discovery cut-off date of **October 7, 2026**.

c.    **Dispositive Motions:** The parties propose a deadline to file dispositive motions of **November 6, 2026**.

4

d.   **Pretrial Order:** The parties propose a deadline to file a pretrial order of **December 7, 2026.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the court.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant her Stipulation and Proposed Order to Extend Discovery Deadlines or such further relief as deemed appropriate.

SO STIPULATED this 7th day of May 2026.

**FOR PLAINTIFF:**

/s/*Annie Prossnitz*
Sarah Grady (*pro hac vice*)
Matthew Underwood (*pro hac vice*)
Annie Prossnitz (*pro hac vice*)
Terah Tollner (*pro hac vice*)
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614

– and –

Terra Shephard
Nevada Bar No. 16625
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2623
teshepard@hollandhart.com

**FOR NAPHCARE DEFENDANTS:**

/s/ *Chad C. Couchot*
Chad C. Couchot
Richard Paikoff
**SCHUERING ZIMMERMAN & DOYLE, LLP**
400 University Ave
Sacramento, CA 95825

– and –

Aimee Clark Newberry
**CLARK NEWBERRY LAW FIRM**
410 S. Rampart Blvd, Ste 390, Office 308
Las Vegas, NV 89145

**FOR DEFENDANT CITY OF HENDERSON:**

/s/ *Lyssa S. Anderson*
Lyssa S. Anderson
**KAEMPFER CROWELL**
1980 Festival Plaza Dr, Ste. 650
Las Vegas, NV 89135

**ORDER**

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

DATED:  May 7, 2026

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614