Terra Shepard
Nevada Bar No. 16625
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2623
teshepard@hollandhart.com

Sarah Grady (*pro hac vice*)
Matthew Underwood (*pro hac vice*)
Annie Prossnitz (*pro hac vice*)
Terah Tollner (*pro hac vice*)
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
prossnitz@kaplangrady.com
terah@kaplangrady.com

*Attorneys for Plaintiff*

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Michelle Greybill, as Administrator of the Estate of John Greybill,<br><br>Plaintiff,<br><br>v.<br><br>NaphCare, Inc., City of Henderson, Vernon Maniago, Mandana Ziaei-Ghafouri, Ivy Rose Volonte, Ebony Michelle Garner, Brittany Reyes, Sheldon Chase, Selma Tabakovic, and Sheena Carnate,<br><br>Defendants. | Case No: 2:24-cv-01276-CDS-EJY<br><br>**STIPULATION AND ~~(PROPOSED)~~ ORDER TO EXTEND EXPERT DISCOVERY DEADLINES** |

Plaintiff Michelle Greybill, as Administrator of the Estate of John Greybill and in her individual capacity, by and through her attorneys, Kaplan & Grady LLC and Holland & Hart LLP, pursuant to Local Rule 26-4, together with Defendant City of Henderson and the NaphCare Defendants hereby stipulate and agree to amend the Stipulated Amended Discovery Plan and

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

Scheduling Order, first entered on October 15, 2024 (ECF No. 29), and subsequently amended by order, most recently on May 18, 2026 (ECF No. 130). In light of the remaining depositions and forthcoming document productions, the parties respectfully seek to extend all expert discovery deadlines by 30 days. This is the parties' sixth request to extend time to take discovery. The parties propose this stipulation prior to the deadline for expert disclosures, which is currently scheduled for August 31, 2026.

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all discovery.

1. **Completed Discovery:** To date, the parties have responded to initial and supplemental discovery requests and completed most of the depositions in this case. Plaintiff has conducted the following depositions: Former Defendant Gonzalez, Officer Dema, Defendant Reyes, Defendant Garner, Defendant Tabakovic, Defendant Maniago, Defendant Chase,

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

Defendant Carnate, and the City of Henderson's 30(b)(6) representative. Defendants deposed Plaintiff Michelle Greybill over the course of two depositions.

**2.    Remaining Discovery:** The following discovery remains to be completed.

a.    **Written Discovery:** Pursuant to this Court's ruling on May 18, the NaphCare Defendants will produce unredacted ESI, court-appointed psychological evaluations, sick call requests, and quality improvement meeting minutes by June 18. Plaintiff awaits the production of ESI attachments from NaphCare, as well as verifications from Defendants Ziaei-Ghafouri and Naphcare. Plaintiff and Defendant NaphCare continue to confer regarding NaphCare's privilege logs.

b.    **Depositions**: Plaintiff will depose NaphCare's 30(b)(6) representative, Defendant Ziaei-Ghafouri, Defendant Volonte, and complete Defendant Chase's deposition, following the forthcoming document production.

c.    **Pending Motions:** Defendants' Motions for Judgment on the Pleadings (ECF Nos. 99, 100) are currently pending.

**3.    Reasons for Extension to Complete Fact and Expert Discovery:** The parties have agreed to extend the fact discovery deadline for the limited purpose of receiving this Court's order on Plaintiff's motion to compel and completing the remaining depositions. The parties initially proposed a sequenced discovery schedule to provide the parties' experts with an unabridged factual record upon which to opine and avoid the need for supplemental expert reports. Plaintiff's experts will rely on the deposition testimony to come, including deposition testimony from Defendant Volonte—the Director of Nursing at HDC—and Defendant Ziaei-Ghafouri—the nurse who first evaluated Mr. Greybill upon his admission to HDC and evaluated him a second time. Plaintiff's experts will also rely on the NaphCare 30(b)(6) testimony for their opinions on NaphCare policies and practices. Additionally, Plaintiff's experts will rely on the

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

written documentation to be produced by NaphCare. Accordingly, a 30-day extension would allow the parties to provide all relevant documents and deposition testimony to their respective experts and eliminate any need for supplemental reports, thus streamlining expert discovery.

**4.    Proposed Revised Discovery Schedule:**

a.    **Fact Discovery Cut-Off Dates:** The parties propose to maintain the fact discovery cut-off date of **August 31, 2026**.

b.    **Expert Discovery Cut-Off Dates:** The parties propose a deadline to exchange expert disclosures of **September 30, 2026**; the deadline to exchange rebuttal-expert reports of **October 30, 2026**; and an expert discovery cut-off date of **November 30, 2026**.

c.    **Dispositive Motions:** The parties propose a deadline to file dispositive motions of **December 30, 2026**.

d.    **Pretrial Order:** The parties propose a deadline to file a pretrial order of **January 30, 2026.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the court.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant her Stipulation for Extension of Time or such further relief as deemed appropriate.

SO STIPULATED this 8th day of June 2026.

**FOR PLAINTIFF:**

/s/*Annie Prossnitz*
Sarah Grady (*pro hac vice*)
Matthew Underwood (*pro hac vice*)
Annie Prossnitz (*pro hac vice*)
Terah Tollner (*pro hac vice*)
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614

– and –

Terra Shephard
Nevada Bar No. 16625
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

4

**FOR NAPHCARE DEFENDANTS:**

/s/ *Chad C. Couchot*
Chad C. Couchot
Richard Paikoff
**SCHUERING ZIMMERMAN &
DOYLE, LLP**
400 University Ave
Sacramento, CA 95825

– and –
Aimee Clark Newberry
**CLARK NEWBERRY LAW FIRM**
410 S. Rampart Blvd, Ste 390, Office 308
Las Vegas, NV 89145

**FOR DEFENDANT CITY OF
HENDERSON:**

/s/ *Lyssa S. Anderson*
Lyssa S. Anderson
**KAEMPFER CROWELL**
1980 Festival Plaza Dr, Ste. 650
Las Vegas, NV 89135

## ORDER

**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: ___June 8, 2026___

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614