UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michelle Greybill, Plaintiff v. NaphCare Inc., et al., Defendants | Case No. 2:24-cv-01276-CDS-EJY<br>**Order Denying Defendants' Motions for Judgment on the Pleadings**<br>[ECF Nos. 99, 100] |

This is a civil rights action brought by Michelle Greybill ("plaintiff" or "Michelle"), as administrator of the estate of John Greybill, against defendants NaphCare, Inc., the City of Henderson, Vernon Maniago, Mandana Ziaei-Ghafouri, Ivy Rose Volonte, EbonyMichelle Garner, Brittany Reyes, Sheldon Chase, Selma Tabakovic, and Sheena Carnate.[1] *See* Compl., ECF No. 1. The complaint arises from John Greybill's (John) untimely death in July 2022. *See id.* Michelle alleges that the defendants violated § 1983 by failing to provide adequate medical care to John, which in turn results in a state-created danger given John's mental health at the time of his death, and that the defendants deprived John of due process, amongst other claims. *Id.*

Naphcare defendants[2] filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Mot. for j., ECF No. 99. This motion is fully briefed. *See* Resp., ECF No. 109; Reply, ECF No. 113. The Henderson defendants[3] separately filed a motion for judgment on the pleadings, Mot., ECF No. 100, which is also fully briefed. Opp'n, ECF No. 108; Reply, ECF No. 116. For the reasons set forth herein, I deny both Rule 12(c) motions for judgment on the pleadings as untimely.

---

[1] The complaint also brought claims against Jackie Gonzalez, however that defendant has since been dismissed. *See* ECF No. 103.

[2] These defendants include NaphCare, Inc., Vernon Maniago, Mandana Ziaei-Ghafouri, Ivy Rose Volonte, Ebonymichelle Garner, Brittany Reyes, Sheldon Chase, Selma Tabakovic, and Sheena Carnate

[3] These defendants include City of Henderson and Jackie Gonzalez.

## I. Legal standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (cleaned up). Like a motion to dismiss under Rule 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *Id.* Indeed, a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the time of filing"); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Judgment on the pleadings should thus be entered when a plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For the purposes of ruling on a Rule 12(c) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II. Discussion[4]

### A. Summary of the arguments.

NaphCare moves for judgment on the pleadings based on the following grounds: (1) multiple superseding causes—that is, the court order releasing Greybill from custody, Greybill's autonomous decision to leave the hospital, and the hospital's failure to stop him—broke the chain of causation between alleged deliberate indifference and Greybill's death; (2) the state created danger claim fails because the defendants acted pursuant to a court order; (3) the complaint fails to establish constitutional violations as NaphCare provided ongoing medical care during Greybill's detention; (4) the deliberate indifference claim fails because the defendants monitored Greybill's condition and arranged emergency care when needed; and (5) the remainder of the plaintiff's claims also fail because they lack underlying constitutional violations and due to the intra corporate conspiracy doctrine. *See* ECF No. 99 at 4–5.

In opposition, Michelle argues that: (1) the defendants delayed in moving for judgment on the pleadings, waiting a year after their initial answers and more than half a year after the close of the pleadings to bring dispositive issues to the court's attention; (2) the defendants fail to establish that they are entitled to judgment on any claim; and (3) even if the defendants could show that they are entitled to judgment on the pleadings, the court should allow leave to amend. ECF No. 109 at 2–3.

The Henderson defendants move for judgment on the pleadings, arguing that: (1) the factual allegations in the complaint do not support any of the clams against them; (2) Gonzalez is entitled to qualified immunity because the plaintiff cannot identify clearly established authority holding that a jail employee violates the Constitution by requesting an emergency medical own recognizance release without reminding the court of prior orders and evaluations already contained in the municipal court's own docket; (3) the plaintiff's municipal liability

[4] Because the parties are familiar with the facts, I only include facts relevant to resolving the motion. I also incorporate by reference the background section in the court's prior order. *See* ECF No. 131 at 2–3.

claim fails under *Monell* because the complaint offers only conclusory references to "policies and practices," not specific allegations plausibly showing a custom, policy, or practice tied to Gonzalez's conduct; and (4) the plaintiff's causation theory was essentially broken by several events alleged by the plaintiff. ECF No. 100.

Michelle opposes the defendants' motion, arguing that: (1) the City inexplicitly delayed in moving for judgment on the pleadings, waiting a year after its initial answer and more than half a year after the close of the pleadings to bring this motion; (2) the City fails to establish that it is entitled to judgment on any claim—that is, the defendants waived its argument that superseding cause relieves it of lability and cannot be resolved on the pleadings; and (3) even if the court found in favor of the City for judgment on the pleadings, the plaintiffs should be granted leave to amend. ECF No. 108 at 2–3.

**B. The motions are denied as untimely.**

The "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the time of filing." *Dworkin*, 867 F.2d at 1192. A motion for judgment on the pleadings is filed "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). While "close" of pleadings is not defined in Federal Rule of Civil Procedure 12, in *First Presbyterian Church of Santa Barbara v. Rabbitt*, 118 F.2d 732 (9th Cir. 1940), the Ninth Circuit reasoned that "with the filing of the answer, the pleadings were closed." *Id.* at 736 (citing Fed. R. Civ. P. 7(a)). Though this case was not interpreting the timeliness of Rule 12(c), the rationale is nevertheless instructive. And the Fifth Circuit agrees, albeit in an unpublished opinion. *Mandujano v. City of Pharr*, 786 Fed. App'x 434, 436 (5th Cir. 2019) (explaining that for the purposes of Rule 12(c), "the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed") (citing § 1367 Judgment on the Pleadings—In General, 5C Fed. Prac. & Proc. Civ. § 1367 (3d ed.)).[5]

---

[5] *See also Whitson v. Bumbo*, 2009 U.S. Dist. LEXIS 32282 (N.D. Cal. Apr. 15, 2009) (explaining "[p]leadings are closed upon the filing of a complaint and an answer, unless a counterclaim, cross-claim or third-party is interposed, or the court orders a third-party answer."); *Tibarom NV, Inc. v. Shell Oil Prods.US*, 2008 U.S.

Here, NaphCare filed their answer to the complaint on September 3, 2024. ECF No. 18. The City of Henderson and Gonzalez filed their answer on October 14, 2024. ECF No. 26. Maniago, Ziaei-Ghafouri, Volonte, Garner, Reyes, Chase, Takabovic, and Carnate's filed their answer on December 3, 2024. ECF No. 39. The defendants did not file their motions for judgment on the pleadings until December 2025. *See* ECF Nos. 99, 100. So the pleadings "closed" for the purposes of a 12(c) motion when the defendants filed their answer—that is, at latest, December 2024. *See* ECF No. 39.

The NaphCare defendants argue in their reply that their motion is timely and the plaintiff misunderstands Rule 12(c)'s purpose. ECF No. 113 at 2. Further, the NaphCare defendants argue that the Rule 12(c)'s text merely requires that pleadings be closed before filing, and that the plaintiff cites non-binding district court decisions that are distinguishable. *Id.* Similarly, City of Henderson argues in its reply that its motion for judgment on the pleadings is timely. ECF No. 116 at 2. City of Henderson's position is that there is no specific cut-off deadline for when such motions must be filed, and the sole question is whether the motion comes early enough not to delay trial. *Id.*[6]

Absent from both defendants' motions and their replies is any indication why they waited a year after they filed their answers to file their motions for judgment on the pleadings. While the court notes that the cases the plaintiff cites are not binding, I find them persuasive and apply them here. Indeed, there is no "hard" deadline for filing a judgment on the pleadings, but the court heavily considers that more than a year passed before the defendants filed their motions, the fact that substantial discovery has been completed, and some of the arguments

---

Dist. 141000, at *4 (D. Nev. Sep. 24, 2008) (citing *Johnson v. Dodson Pub. Schs.*, 463 F. Supp. 2d 1151 (D. Mont. 2006) (explaining "[t]he close of pleadings refers to the time when all required or permitted pleadings have been served and filed.").

[6] The court recognizes that at the time City of Henderson filed its reply, there was an extension to complete discovery granted (ECF No. 106) and there were still motions pending before the court—for instance, the plaintiff's proposed amendments to the pleadings. ECF No. 116 at 3. However, having reviewed the docket, there has been substantial discovery completed (ECF No. 113) and the prior motion that was pending related to plaintiff's amendment has since been resolved (ECF Nos. 71, 131).

raised in the motions could have been raised earlier.[7] The court initially entered a scheduling order on October 15, 2024, setting the discovery deadline to September 3, 2025. ECF No. 29. By the time the defendants filed their motions, the parties had already completed extensive discovery. *See, e.g*, ECF No. 94 at 2 (stipulation explaining that "[t]he parties have conducted extensive discovery in this matter to date. They have exchanged their Rule 26 Disclosures and numerous supplemental disclosures, wherein thousands of pages of documents have been disclosed.").

Thus, given that the parties had conducted extensive discovery before the motions were filed, and that discovery has continued,[8] I find the defendants' motions untimely. *See Perez v. Oak Grove Cinemas, Inc.*, 2014 WL 1796674, at *3 (D. Or. May 5, 2014) (explaining that "[h]ad defendants brought [their judgment on the pleadings motion] at an earlier stage in litigation, [the court] may have granted the motion on the basis of the plausibility standard. However, because there has been substantial discovery, the underlying rationale, or core purpose of the plausibility standard has already been satisfied. In cases where an answer has been filed, there has been . . . discovery [that] has progressed to include depositions, the application of the *Iqbal/Twombly* plausibility standard is inappropriate on a Rule 12(c) motion." (cleaned up)); (*Jones v. Town of Quartzsite*, 2014 U.S. Dist. LEXIS 23084, at *4, *6 (D. Ariz. Feb. 24, 2014) (noting that courts should hesitate to entertain a Rule 12(c) motion once parties have invested substantial resources in discovery). Consequently, the defendants' motions are denied as untimely.

## III. Conclusion

IT IS HEREBY ORDERED that the NaphCare defendants' motion for judgment on the pleadings **[ECF No. 99] is DENIED.**

---

[7] Namely, the challenges to the sufficiency of the allegations, including the *Monell* claim.

[8] The most recent order granting an extension of discovery deadlines indicates that the parties have responded to initial and supplemental discovery requests and completed most of the depositions in the case. ECF No. 133 at 2.

IT IS FURTHER ORDERED that the Henderson defendants' motion for judgment on the pleadings **[ECF No. 100] is DENIED.**

Dated: August 26, 2026

_______________________________
Cristina D. Silva
United States District Judge