Terra Shepard
Nevada Bar No. 16625
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2623
teshepard@hollandhart.com

Sarah Grady (*pro hac vice*)
Matthew Underwood (*pro hac vice*)
Annie Prossnitz (*pro hac vice*)
Terah Tollner (*pro hac vice*)
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
prossnitz@kaplangrady.com
terah@kaplangrady.com

*Attorneys for Plaintiff*

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Michelle Greybill, as Administrator of the Estate of John Greybill,<br><br>Plaintiff,<br><br>v.<br><br>NaphCare, Inc., City of Henderson, Vernon Maniago, Mandana Ziaei-Ghafouri, Ivy Rose Volonte, Ebony Michelle Garner, Brittany Reyes, Sheldon Chase, Selma Tabakovic, Sheena Carnate, and Jackie Gonzalez,<br><br>Defendants. | Case No: 2:24-cv-01276-CDS-EJY<br><br>**STIPULATION AND ORDER TO EXTEND EXPERT DISCOVERY DEADLINES** |

Plaintiff Michelle Greybill, as Administrator of the Estate of John Greybill and in her individual capacity, by and through her attorneys, Kaplan & Grady LLC and Holland & Hart LLP, pursuant to Local Rule 26-4, together with Defendant City of Henderson and the NaphCare Defendants hereby stipulate and agree to amend the Stipulated Amended Discovery Plan and

Scheduling Order, first entered on October 15, 2024 (ECF No. 29), and subsequently amended by order, most recently on June 8, 2026 (ECF No. 133). In light of the forthcoming document productions, the parties respectfully seek to extend all discovery deadlines by 14 days. This is the parties' seventh request to extend time to take discovery.

In accordance with LR 26-3, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to set was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all discovery.

**1. Completed Discovery:** To date, the parties have responded to initial and supplemental discovery requests and all of the depositions in this case. Plaintiff has conducted the following depositions: Former Defendant Gonzalez, Officer Dema, Defendant Reyes, Defendant Garner, Defendant Tabakovic, Defendant Maniago, Defendant Chase, Defendant Carnate, Defendant Ziaei-Ghafouri, Defendant Volonte, and the City of Henderson's 30(b)(6) representative. Defendants deposed Plaintiff Michelle Greybill over the course of two depositions.

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

**2. Remaining Discovery:** The following discovery remains to be completed.

a. **Written Discovery:** The NaphCare Defendants will produce results for its ESI search of "medical O/R" documents.

**3. Reasons for Extension to Complete Fact and Expert Discovery:** The parties have agreed to extend the fact discovery deadline for the limited purpose of NaphCare's production of documents relating to "medical O/Rs" (medical own-recognizance releases). These documents are critical to Plaintiff's *Monell* claim, as Mr. Greybill was released on a medical O/R from Henderson Detention Center. On May 1, 2026, NaphCare produced a 27-page document related to its search for "medical O/R" documents, as agreed upon in the parties' ESI protocol. On May 4, Plaintiff responded to the production, noting that the documents did not contain the agreed-upon search terms. During a conferral on May 11, NaphCare agreed to conduct a new search and produce further responsive documents. NaphCare produced further documents, only nine of 6,864 pages of which were responsive to the "medical O/R" search inquiry. On May 20, the parties conferred again and NaphCare agreed to investigate the medical O/R search inquiry issue. On June 16, NaphCare provided an update that the search had yielded 45 gigabytes of data and would take time to work through. On July 10, NaphCare estimated that they would be able to provide the results by the end of July. Upon Plaintiff's follow-up on July 28, NaphCare updated their estimate to the first week of August. On August 10, NaphCare extended the time needed to produce the relevant documents until August 24. On August 28, Plaintiff requested confirmation that the documents would be produced that day, in light of the August 31 fact discovery deadline. NaphCare responded that they anticipated providing a portion of the production during the week of August 31 and the rest at a later date. The parties then agreed to a two-week extension for the purpose of producing these documents.

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a "court may, for good cause, extend" a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect, in turn, is evaluated under a "four-factor equitable test, examining (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Estate of Taschek v. Fidelity Life Ass'n*, 740 F. Supp. 3d 1072, 1079 (D. Nev. 2024). The parties meet all of the factors. First, there is no danger of prejudice, given that all parties have agreed to the extension. Second, the length of delay is minimal and will not impact the proceedings, particularly given that summary judgment motions have not been filed and a trial date has not yet been set. *See id.* (delay was negligible where it did not delay resolution of summary judgment motions or otherwise affect case's progression). Third, the reason for delay is the volume of documents to review and produce, as set forth above. Fourth and finally, Plaintiff acted in good faith in moving for this extension.

**4. Proposed Revised Discovery Schedule:**

a. **<u>Fact Discovery Cut-Off Dates</u>:** The parties propose to maintain the fact discovery cut-off date of **September 14, 2026**.

b. **<u>Expert Discovery Cut-Off Dates</u>:** The parties propose a deadline to exchange expert disclosures of **October 14, 2026**; the deadline to exchange rebuttal-expert reports of **November 13, 2026**; and an expert discovery cut-off date of **December 14, 2026**.

c. **<u>Dispositive Motions</u>:** The parties propose a deadline to file dispositive motions of **January 13, 2026**.

d. **<u>Pretrial Order</u>:** The parties propose a deadline to file a pretrial order of **February 12, 2026.** In the event dispositive motions are filed, the date for filing the joint pretrial

KAPLAN & GRADY LLC
2071 N. SOUTHPORT AVE
SUITE 205
CHICAGO, IL 60614

order shall be suspended until thirty (30) days after a decision of the dispositive motions or until further order of the court.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant her Motion for Extension of Time or such further relief as deemed appropriate.

SO STIPULATED this 31st day of August 2026.

**FOR PLAINTIFF:**

/s/ *Annie Prossnitz*
Sarah Grady (*pro hac vice*)
Matthew Underwood (*pro hac vice*)
Annie Prossnitz (*pro hac vice*)
Terah Tollner (*pro hac vice*)
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614

– and –

Terra Shephard
Nevada Bar No. 16625
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: (702) 222-2623
teshepard@hollandhart.com
*Attorneys for Plaintiff*

**FOR NAPHCARE DEFENDANTS:**

/s/ *Chad C. Couchot*
Chad C. Couchot
Richard Paikoff
**SCHUERING ZIMMERMAN & DOYLE, LLP**
400 University Ave
Sacramento, CA 95825

– and –
Aimee Clark Newberry
**CLARK NEWBERRY LAW FIRM**
410 S. Rampart Blvd, Ste 390, Office 308
Las Vegas, NV 89145

**FOR DEFENDANT CITY OF HENDERSON:**

/s/ *Lyssa S. Anderson*
Lyssa S. Anderson
**KAEMPFER CROWELL**
1980 Festival Plaza Dr, Ste. 650
Las Vegas, NV 89135

**ORDER**

**IT IS SO ORDERED:**

[signature]
UNITED STATES MAGISTRATE JUDGE

DATED: August 31, 2026